IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Kristy Michelle Wolff,<br><br>Plaintiff,<br><br>vs.<br><br>Call 4 Health, Inc., Jenny Mahon Sim, Jody Carey, Charmaine Ferguson, Aden Zeaman, Janet Blackston, Francesca Cloud, Samantha Doobay, Dustin Garmain, and Maria Iglesias,<br><br>Defendants. | C/A No.: 3:24-cv-2260-CMC-SVH<br><br>REPORT AND RECOMMENDATION |

Dr. Kristy Michelle Wolff ("Plaintiff"), proceeding pro se, brings this action for employment discrimination against Call 4 Health, Inc. ("Call 4 Health"), Jenny Mahon Sim, Jodi Carey, Charmaine Ferguson, Aden Zeaman, Janet Blackston, Francesca Cloud, Samantha Doobay, Dustin Garmain, and Maria Iglesias (collectively "Defendants"). Under Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial proceedings in this action have been referred to the undersigned. This matter comes before the court on Plaintiff's motion for summary judgment, which the undersigned construes as a motion for entry of default and for a default judgment against Call 4 Health.

On May 20, 2024, the undersigned issued an order directing Plaintiff to serve copies of the summonses and complaint on Defendants by August 19, 2024. [ECF No. 9]. The order specified:

> **_Plaintiff is responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure._** Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>
> The time for service in this case does not run during the initial review of this case; therefore, Plaintiff has 90 days from the date on which the summons(es) are issued to serve Defendant(s) in compliance with Rule 4. **Under Rule 4(m), unless a Defendant is served within 90 days after the summonses are issued as directed by this order, that particular unserved Defendant may be dismissed without prejudice from this case.**

*Id.* at 2.

The Clerk of Court issued and mailed copies of the summonses and complaint to Plaintiff at the address on record the same day. [ECF Nos. 10, 11]. On June 26, 2024, Plaintiff filed proof of service as to Call 4 Health. [ECF No. 12]. On August 22, 2024, the undersigned issued a rule to show cause noting the "90-day period for service ha[d] expired," Plaintiff "ha[d] not filed proof of service as to the other nine Defendants," and "the proof of service Plaintiff filed as to Call 4 Health show[ed] that service was improper." [ECF

2

No. 13]. The order permitted Plaintiff until September 23, 2024, to file proof of proper service as to Defendants or to show good cause for her failure to effect service of the summonses and complaint on Defendants. *Id.* Plaintiff subsequently filed the motion for an entry of default and for default judgment against Call 4 Health, Inc. [ECF No. 15].

In her motion, Plaintiff states the following:

> On July 2024 effect of service was made against the defendant with the registered agent Nicholas Koutrakos. The defendant has been listed Nicholas Kourtrakos as current registered agent and the address has not changed. Notice should also be made to another current civil action that is against this defendant CA-No 3:24-CV-01355-JFA which also effected service of process against Call 4 Health Inc with the same registered agent Nicholas Koutrakos with a listed proxy or agent who was allowed to accept service on his behalf as Heather House. The US Postal Service reported that service was accept by H. House on behalf of Nicholas Kourtrakos and evidence has already been submitted to the court that she is a agent who is allowed to accept service on his behalf.
>
> The affidavit of service was submitted to the court on 06/23/2024, and the update per the postal service confirmed that H. House has signed for this civil action on his behalf of the registered agent Nicholas Kourtrakos as she did for the other civil action No that is currently being litigated in court. The official date of service acceptance was June 20th, 2024 at 1:05 pm in Delray Beach Florida at 2855 S. Congress Ave Suite AB within the zip code 33445. This address is also listed as the office address to effect service. However, subsequent attempts were made to serve the client which resulted in H. House saying the client no longer had an office there and that he moved. However, the State department of Florida confirmed the registered agent and the defendant did not file any documents to indicate a change in the address or a change in the current registered agent. Per Florida state court they must comply with all business and corporate rules and regulations within 60 days, or their business license will go inactive. As of 08/20/2024 there has not been any updates to this corporation or it's registered agent known as the defendant Call 4 Health, Inc.

[ECF No. 15 at 2]. She claims the summons and complaint were effectively served on Call 4 Health's registered agent on June 20, 2024, and that Call 4

3

Health has failed to answer within the 21-day period set forth in Fed. R. Civ. P. 12(a)(1)(A). *Id.* at 2–3.

The Federal Rules of Civil Procedure state:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)   by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 5(h). Pursuant to Fed. R. Civ. P. 4(e)(1):

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Accordingly, Plaintiff was required to comply with state law for serving a summons and complaint in either South Carolina, where the district court is located, or Florida, where she indicated service was made on Call 4 Health's registered agent.

In general, a plaintiff cannot serve a summons and complaint on a defendant. Fed. R. Civ. P. 4(c)(2). However, the South Carolina Rules of Civil

4

Procedure permit a plaintiff or a person authorized to serve process to serve a copy of the summons and complaint upon a defendant corporation's registered agent "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C. R. Civ. P. 4(d)(3), (8). "Service pursuant to this paragraph shall not be the basis for the entry of default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant." S.C. R. Civ. P. 8(d)(8).

Plaintiff filed the second page of form AO 440 for proof of service, indicating she served the summons on "Nicholas Kostkorus,[1] who is designated by law to accept service of process on behalf of (name of organization) Call 4 Health, Inc. Registered agent/Registered agent proxy" on "(date) 6/20/2024 at 1:05 pm" by "USPS Proof of delivery restricted fee paid for Registered agent only. (9489303699300000789544)." [ECF No. 12].

Plaintiff failed to properly serve Call 4 Health's registered agent under the South Carolina Rules of Civil Procedure. The USPS tracking printout provides:

---

[1] Plaintiff filed a proposed summons form identifying the registered agent for "CALL 4 HEALTH, INC." as "Nicholas Koutrakos," not "Nicholas Kostkorus." *Compare* ECF No. 6 at 1, *with* ECF No. 12. However, it appears the delivery was actually addressed to "NICHOLAS KOUTRAKOS." *See* ECF No. 12-1 at 2.

5

```
Service Type

Priority Mail®
Small Flat Rate Envelope
Sig. Confirmation Restricted Delivery
```

However, the proof of delivery does not demonstrate compliance with S.C. R. Civ. P. 4(d)(8), as the delivery was not specifically restricted to or delivered to the addressee. Plaintiff attached a USPS tracking printout stating: "Your item was delivered to an individual at an address at 1:05 pm on June 20, 2024 in DELRAY BEACH, FL 33445. The item was signed for by H HOUSE" [ECF No. 12-1 at 1], as opposed to registered agent Nicholas Koutrakos. It does not provide the street address to which it was delivered or include any information to suggest H. House was authorized to sign on behalf of Nicholas Koutrakos or Call 4 Health. Thus, Plaintiff did not meet the requirements for service by mail under the South Carolina Rules of Civil Procedure. The court cannot enter default or a judgment by default based on proper service under the South Carolina Rules of Civil Procedure because "H. House" is not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Call 4 Health, Inc. *See* S.C. R. Civ. P. 4(d)(3), (8).

    Plaintiff also failed to meet the requirements for service under Florida law. The Florida Rules of Civil Procedure provide that "[a] defendant may

6

accept service by mail." Fla. R. Civ. P. 1.070(i), but for service by mail to be effective, the defendant must sign and return a written waiver; otherwise, the plaintiff must effect personal service or service by publication as provided by statute. Fla. R. Civ. P. 1.070. Because Call 4 Health's registered agent did not sign and return a written waiver of service, he was not properly served under the Florida Rules of Civil Procedure.

The undersigned finds unavailing Plaintiff's argument that H. House was authorized to accept service of process for Call 4 Health's registered agent based on proof of service filed in *Hill v. Call 4 Health, Inc.*, No. 3:24-cv-1355-JFA (D.S.C.).[2] The proof of service in *Hill v. Call 4. Health, Inc.*, is an affidavit sworn to by Matthew Jacobs that states: "I delivered the documents to Heather House who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery." *Id.* at ECF No. 9. Unlike Plaintiff, Hill effected personal service on Call 4 Health's registered agent, and the individual serving process confirmed that "Heather House" was authorized to accept service of process on behalf of Call 4 Health's registered agent at the time of service. Also,

---

[2] The Court takes judicial notice of the record in *Hill v. Call 4 Health, Inc.*, No. 3:24-cv-1355-JFA (D.S.C.). *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

unlike in this case, attorneys entered appearances on behalf of Call 4 Health within days of service of the summons and complaint, demonstrating Call 4 Health's receipt of the summons and complaint. *See id.* at ECF Nos. 6, 7.

Plaintiff's argument is not aided by her representation that subsequent attempts to serve Call 4 Health's registered agent "resulted in H. House saying the client no longer had an office there and that he moved." [ECF No. 15 at 2]. These representations suggest H. House was not authorized to accept service of process on behalf of Call 4 Health or its registered agent in this matter and that H. House was likely not employed by Call 4 Health or its registered agent.

The undersigned is unpersuaded by Plaintiff's argument that the court should enter default against Call 4 Health and order default judgment based on its failure to provide updated contact information for its registered agent to the Florida Secretary of State within 60 days of a change of registered agent or address for service.[3] Service by mail on a corporation's registered agent is only one means of effecting service under applicable law. The Federal Rules of Civil Procedure, South Carolina Rules of Civil Procedure, and Florida Rules of Civil Procedure provide multiple additional options for service of process on "an officer, a managing or general agent, or any other agent authorized by

---

[3] The undersigned notes that the South Carolina Secretary of State has a different registered agent listed for Call 4 Health.

8

appointment or by law to receive service of process." Plaintiff has failed to allege she exhausted other options for service of process on Call 4 Health.

Because Plaintiff did not properly serve Call 4 Health on June 20, 2024, Call 4 Health was not required to file an answer by July 11, 2024. Furthermore, because Plaintiff has not filed proof of effective service on Call 4 Health, there is no current deadline by which Call 4 Health must file an answer, and Call 4 Health is not currently in default. Therefore, the undersigned recommends the court deny Plaintiff's motion for entry of default and for a default judgment [ECF No. 15].

Plaintiff is reminded that she is permitted until September 23, 2024, to file proof of proper service as to Defendants. She is further advised that she should pursue other means of effecting service as set forth in the Federal Rules of Civil Procedure, South Carolina Rules of Civil Procedure, and Florida Rules of Civil Procedure. **If Plaintiff fails to file proof of *proper* service as to Defendants or show good cause to the court by September 23, 2024, for her failure to effect proper service of the summonses and complaint on Defendants, the undersigned will recommend any defendant not properly served be dismissed as a party to this action.**

IT IS SO RECOMMENDED.

August 28, 2024　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

10

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).