IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dr. Kristy Michelle Wolff, | ) | C/A No.: 3:24-2260-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Call 4 Health, Inc., Jenny Mahon | ) | RECOMMENDATION |
| Sim, Jodi Carey, Charmaine | ) | |
| Ferguson, Aden Zeaman, Janet | ) | |
| Blackston, Francesca Cloud, | ) | |
| Samantha Doobay, Dustin | ) | |
| Garmain, and Maria Iglesias, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Dr. Kristy Michelle Wolff ("Plaintiff"), proceeding pro se, filed this action against Call 4 Health, Inc. ("Call 4 Health"), and its employees Jenny Mahon Sim ("Sim"), Jodi Carey ("Carey"), Charmaine Ferguson ("Ferguson"), Aden Zeaman ("Zeaman"), Janet Blackston ("Blackston"), Francesca Cloud ("Cloud"), Samantha Doobay ("Doobay"), Dustin Garmain ("Garmain"), and Maria Iglesias ("Iglesias") (collectively "Defendants"). Plaintiff alleges Defendants discriminated against her in the employment setting. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial proceedings have been referred to the undersigned. For the reasons that follow, the undersigned recommends the District Judge dismiss Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay, Garmain, and Iglesias as defendants.

On May 20, 2024, the undersigned issued an order directing Plaintiff to serve copies of the summons and complaint on Defendants by August 19, 2024. [ECF No. 9]. The order specified:

> ***Plaintiff is responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure.*** Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>
> The time for service in this case does not run during the initial review of this case; therefore, Plaintiff has 90 days from the date on which the summons(es) are issued to serve Defendant(s) in compliance with Rule 4. **Under Rule 4(m), unless a Defendant is served within 90 days after the summonses are issued as directed by this order, that particular unserved Defendant may be dismissed without prejudice from this case**.

*Id.* at 2. The Clerk of Court issued a summons and mailed copies of the summons and complaint to Plaintiff at the address on record the same day. [ECF Nos. 10, 11]. On June 26, 2024, Plaintiff filed proof of service as to Call 4 Health. [ECF No. 12].

On August 22, 2024, the undersigned issued an order and rule to show cause, noting Plaintiff had failed to file proof of service as to the other defendants and the proof of service she filed for Call 4 Health did not reflect proper service. [ECF No. 13 at 2–6]. The order stated:

> In accordance with Fed. R. Civ. P. 4(m), the undersigned hereby places Plaintiff on notice that unless she files proof of proper service as to Defendants or shows good cause to the court by September 23, 2024, for her failure to effect service of the summons and complaint on Defendants, the undersigned will recommend any defendant not properly served be dismissed without prejudice as a party to this action.

*Id.* at 6.

On September 5, 2024, Plaintiff filed a response to the order and rule to show cause detailing her attempts to serve Call 4 Health. [ECF No. 19]. She did not address her efforts to serve any of the other defendants. *Id.* The undersigned issued a text order reminding Plaintiff that if she "fail[ed] to file proof of proper service or show good cause for her failure to effect proper service of the summonses and complaint by September 23, 2024, the undersigned w[ould] recommend any defendant not properly served be dismissed as a party to this action." [ECF No. 20].

Plaintiff subsequently filed a motion requesting further extension of the time to serve the summons and complaint on Call 4 Health. [ECF No. 23]. On September 13, 2024, the undersigned issued a text order granting Plaintiff's motion and extending the deadline until October 12, 2024, for filing proof of service on Call 4 Health. [ECF No. 24]. The order further stated: "Plaintiff is permitted until September 23, 2024, to file proof of service on all defendants other than Call4Health, Inc. With the exception of Call4Health, Inc., any

defendant not served by September 23, 2024, will be subject to dismissal based on Plaintiff's failure to comply with Fed. R. Civ. P. 4(m)." *Id.*

"Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(a1). Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Because Plaintiff is proceeding pro se, the ninety-day time limit for service of process did not begin to run until the summonses were issued on May 20, 2024, making service due by August 19, 2024. Because Plaintiff failed to file proof of service with the court by August 19, 2024, and in accordance with Rule 4(m), the undersigned issued the order and rule to show cause specifying that service must be made by September 23, 2024, or that Plaintiff must show good cause for the failure to serve the summonses and complaint on all defendants.

Despite the warnings in the serve order [ECF No. 9 at 2] and the order and rule to show cause [ECF No. 13 at 6] and the reminders of the deadline in both text orders [ECF Nos. 20, 24], Plaintiff has not filed proof that the summonses and complaint were served on Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay, Garmain, and Iglesias.

Fed. R. Civ. P. 4(m) provides that "if the plaintiff shows good cause for

the failure, the court must extend the time for service for an appropriate period." The Fourth Circuit has explained:

> "Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Consistent with that foundational principle, good cause is commonly found to "exist[ ] when the failure of service is due to external factors, such as the defendant's intentional evasion of service," but "significant periods of inactivity" and a "fail[ure] to seek extension of time before [the] deadline [has] lapsed" tend to undercut any claim of good cause. *Id.* At bottom, "[w]hile 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court" in its review. *Id.*; *see also* 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1137 (4th ed. 2015) (explaining that in evaluating good cause under Rule 4(m), "courts have rejected excuses based on ... ignorance of the rule, the absence of prejudice to the defendant, ... inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party").

*Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022). Plaintiff has provided no explanation for her failure to serve the summonses and complaint on Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay, Garmain, and Iglesias. Therefore, she has not demonstrated that she acted with the diligence required to support a finding of good cause under Rule 4(m).

Although district courts have the discretion to grant an extension of the service deadline in Rule 4(m) even in the absence of a showing of good cause, *id.* at 218–19, the undersigned does not recommend the court exercise its discretion to permit Plaintiff a further extension of time to serve Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay, Garmain, and Iglesias. Plaintiff

has had multiple opportunities to provide proof of service as to these defendants or to advise the court of the efforts, if any, she undertook to effect service on them. Nothing in the record suggests a further extension of time will result in Plaintiff properly serving these defendants.

In light of the forgoing, the undersigned recommends the court dismiss Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay, Garmain, and Iglesias pursuant to Fed. R. Civ. P. 4(m).

IT IS SO RECOMMENDED.

September 27, 2024
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).