IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dr. Kristy Michelle Wolff,<br><br>               Plaintiff,<br>vs.<br><br>Call 4 Health, Inc., Jenny Mahon Sim, Jody Carey, Charmaine Ferguson, Aden Zeaman, Janet Blackston, Francesca Cloud, Samantha Doobay, Dustin Garmain, and Maria Iglesias,<br><br>               Defendants. | Civil Action No. 3:24-cv-2260-CMC-SVH<br><br>**ORDER** |

This matter is before the court on Plaintiff Kristy Wolff's ("Plaintiff") *pro se* Complaint alleging employment discrimination by Defendants. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

Service was authorized on all Defendants on May 20, 2024, and the Magistrate Judge informed Plaintiff she had until August 19, 2024, to serve the summons and complaint on all Defendants. ECF No. 10. Plaintiff filed a summons returned executed on Call 4 Health on June 26, 2024. ECF No. 12. On August 22, 2024, the Magistrate Judge entered an Order to Show Cause placing Plaintiff on notice the proof of service filed as to Call 4 Health showed service was improper under the South Carolina Rules of Civil Procedure, and unless she filed proof of proper service as to Defendants by September 23, 2024, or showed good cause for her failure to effect service, the Magistrate Judge would recommend any defendant who was not properly served be dismissed without prejudice. ECF No. 13.

On August 26, 2024, Plaintiff filed a motion for summary judgment, contending Defendant Call 4 Health failed to respond to effected service and requesting default judgment. ECF No. 15 at 3. On August 28, 2024, the Magistrate Judge issued a Report recommending Plaintiff's motion for summary judgment, construed as a motion for entry of default and default judgment against Call 4 Health, be denied, as service was improper. ECF No. 16. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if she failed to do so. Plaintiff filed objections. ECF No. 18.

Plaintiff also filed a response to the Order to Show Cause on August 5, 2024, including attempts to serve Call 4 Health's registered agent in Florida. ECF No. 19. On September 6, 2024, the Magistrate Judge entered a Text Order reminding Plaintiff she was permitted until September 23, 2024, to file proper proof of service as to all Defendants, including the individual defendants. She was put on notice if she failed to file proper service or show good cause for her failure to effect service, the Magistrate Judge would recommend dismissal for any defendant not properly served. ECF No. 20. Plaintiff subsequently filed a motion for extension of time to file proof of service, focusing on her efforts to serve Call 4 Health. ECF No. 23. The Magistrate Judge granted this motion in part, allowing until October 12, 2024, for Plaintiff to file proof of service on Call 4 Health. ECF No. 24. However, the Magistrate Judge reiterated proof of service for the individual defendants must be filed no later than September 23, 2024. *Id.*

Plaintiff filed proof of service showing properly effected service on the registered agent for Call 4 Health. ECF Nos. 26, 27. No proof of service was filed for any other Defendant. Accordingly, on September 27, 2024, the Magistrate Judge entered a second Report recommending

2

the court dismiss individual Defendants Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay, Garmain, and Iglesias. ECF No. 28. The Magistrate Judge again advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff failed to timely file objections.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## DISCUSSION

1. <u>Report on Plaintiff's Motion for Summary Judgment/Default (ECF No. 16)</u>

The Magistrate Judge's initial Report, filed August 28, 2024, construed Plaintiff's motion for summary judgment as one for default and default judgment, and recommended denying default and default judgment because Call 4 Health was not properly served under the South Carolina or

3

Florida Rules of Civil Procedure. ECF No. 16 at 6. Plaintiff appeared to have attempted to serve Call 4 Health by priority mail, signature confirmed restricted delivery. ECF No. 12-1 at 1. The USPS tracking printout showed the item "was delivered to an individual at the address . . . The item was signed for by H HOUSE." *Id.* The Magistrate Judge noted this is not proper service because there is no indication of the street address to which the item was delivered, or any information to suggest H. House was authorized to sign on behalf of Call 4 Health or its registered agent, Nicholas Koutrakos. ECF No. 16 at 6. Therefore, the service does not meet the requirements of South Carolina law. Neither does it satisfy Florida Rules of Civil Procedure. *Id.* at 7. The Magistrate Judge rejected Plaintiff's argument that another lawsuit allowed personal service received by Heather House, who at the time of service in that lawsuit, identified herself as authorized to accept. *Id.* Here, there was no personal service, and no indication H. House was authorized to accept service. *Id.* Accordingly, the Magistrate Judge declined to enter default and order default judgment. *Id.* at 8-9. The Report, entered August 28, 2024, reminded Plaintiff she was permitted until September 23, 2024, to file proper service as to Defendants, and such service must be proper under the Federal, South Carolina, and/or Florida Rules of Civil Procedure. *Id.* at 9. If she failed to do so, the Magistrate Judge would recommend any Defendant not properly served be dismissed as a party. *Id.*

Plaintiff objected to the Report. ECF No. 18. She made several arguments about the propriety of her attempted service on Call 4 Health. However, Plaintiff has now effected proper service on Call 4 Health, which has been acknowledged by the court and the Defendant. Call 4 Health has now answered. ECF No. 30.

4

After a review of the record, the applicable law, the initial Report and Recommendation of the Magistrate Judge entered August 28, 2024, and Plaintiff's objections to that Report, the court agrees with that Report's recommendation and adopts the Report at ECF No. 16 by reference as modified in this Order. Plaintiff's motion for summary judgment (ECF No. 15), construed as one for entry of default and default judgment, is dismissed as moot.

2. *Report on Service for Individual Defendants*

In the second Report, the Magistrate Judge recommended dismissal of the individual Defendants Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay, Garmain, and Iglesias pursuant to Rule 4(m). ECF No. 28. Plaintiff did not file objections or otherwise respond to this Report. She has not filed any proof of service for these Defendants or indicated any difficulty or reason why she is unable to serve them within the time allotted. Nor did she request an extension of time as to these Defendants after the Report was filed.

After a review of the record, the applicable law, and the second Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendation these Defendants be dismissed. Accordingly, the court adopts the Report at ECF No. 28 by reference in this Order. Defendants Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay, Garmain, and Iglesias are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**CONCLUSION**

For the reasons above, Plaintiff's Motion for Summary Judgment (ECF No. 15) is dismissed as moot. Defendants Sim, Carey, Ferguson, Zeaman, Blackston, Cloud, Doobay,

Garmain, and Iglesias are dismissed without prejudice pursuant to Rule 4(m). This matter is re-referred to the Magistrate Judge for pre-trial proceedings.

    **IT IS SO ORDERED**.

                                                         s/Cameron McGowan Currie
                                                         CAMERON MCGOWAN CURRIE
                                                         Senior United States District Judge

Columbia, South Carolina
October 28, 2024