IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dr. Kristy Michelle Wolff,<br><br>                    Plaintiff,<br>        vs.<br><br>Call4Health, Inc.,<br><br>                    Defendant. | Civil Action No. 3:24-cv-2260-CMC<br><br>**ORDER** |

Through this action, Plaintiff Dr. Kristy Michelle Wolff ("Plaintiff"), proceeding *pro se*, seeks recovery from her former employer, Defendant Call4Health, Inc. ("Defendant") for alleged discrimination based on age and disability, retaliation, and harassment in violation of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

The matter is before the court on Defendant's motion for summary judgment. ECF No. 83. Because Plaintiff is *pro se*, the court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising her of the applicable procedures and consequences if she failed to respond adequately to Defendant's motion. ECF No. 84. Plaintiff filed a response and a supplement. ECF Nos. 86, 87. Defendant replied. ECF No. 93.

On July 9, 2025, the Magistrate Judge issued a Report recommending Defendant's motion be granted. ECF No. 95. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Within the time allowed for objections, Plaintiff submitted a document entitled and filed as a

sur reply to the response to Defendant's motion for summary judgment. ECF No. 98. Defendant then filed a motion to strike the sur reply (ECF No. 101), and Plaintiff filed a motion to correct the docket filing (ECF No. 102), alleging the sur reply document was intended to be objections to the Report. She also filed a response in opposition to the motion to strike the sur reply. ECF No. 103. Defendant filed a response in opposition to Plaintiff's motion to correct the docket (ECF No. 106), and Plaintiff filed a reply (ECF No. 107).

In addition, Plaintiff filed a "notice of filing audio recording" of her July 2023 interview. ECF No. 104. Defendant filed a motion to strike the audio recording (ECF No. 108), Plaintiff filed a response in opposition (ECF No. 109), and Defendant replied (ECF No. 110).

1. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

2

**2. Discussion**

*a. Filing of the Document at ECF No. 98*

As an initial matter, this court will address the issue of the July 23, 2025, filing at ECF No. 98. The document, titled "Reply to Defendants Response to Plaintiffs Opposition of Motion for Summary Judgment," was entered on the docket as a sur reply. *Id.* at 1 (errors in original).

Defendant seeks to strike the filing as an untimely sur reply. ECF No. 101. It argues Plaintiff did not seek or receive leave to file a sur reply, and it is untimely. *Id.* at 3. Plaintiff filed a motion to correct the filing to reflect her intention to file objections to the Report, ECF No. 102, and objects to the motion to strike for the same reason – she intended the document to constitute her objections (ECF No. 103). She asserts the timing of the filing, on July 23, 2025, shows she intended the document to be objections to the Report, as that is the day objections were due. She contends she inadvertently used the incorrect caption and document title, and asked the court to file the document on the docket as objections, but was "not asking to change any of the contents of the reply." ECF No. 102 at 2. Plaintiff argues she did not file a sur reply and her filing is "in line with what would be expected of a objection or objection to the R and R . . . she is addressing reasons why the motion to dismiss should not be supported by the Judge Honorable Cameron McGowan Currie." ECF No. 103 at 2 (errors in original).

3

Defendant filed a response in opposition to the motion to correct the docket (ECF No. 106) and a reply in support of the motion to strike (ECF No. 107).[1] It argues "it is clear from the face of the sur reply that it was intended to be a supplemental reply to Defendant's Reply in Support of Motion for Summary Judgment, based not only on the caption, but also on the substance of the argument." ECF No. 106 at 1. Defendant explains Plaintiff's filing "makes no mention of the Report and Recommendation," but "begins by noting "Plaintiff asserts and disputes that claims raised by the defendants counsel and files this response in an effort to ask the court to deny the motion for summary judgment." *Id.* at 2. Defendant refers to previous objections filed by Plaintiff that identify the Report and address its substance, in contrast to the disputed filing. *Id.*

The court agrees the face and contents of the document filed as ECF No. 98 do not reflect objections to the Report. The document addresses Defendant's reply (ECF No. 93) and does not reference the Report at all. Plaintiff asks the court to deny summary judgment and addresses Defendant's arguments in numbered paragraphs with titles that mirror Defendant's reply. Compare ECF No. 98 at 2 (paragraphs "I – Plaintiff's Failure to Address arguments is Fatal," "IV – Plaintiff had a meaningful opportunity for discovery"), with ECF No. 93 at 2 (paragraph I – Plaintiff's failure to address arguments is fatal), 13 (paragraph IV – Plaintiff had a meaningful opportunity for discovery). She challenges the contents of Defendant's arguments for summary judgment as well. Again, no reference to the Report is made, even in passing, at any point in the document.

---

[1] Defendant also seeks sanctions "for Plaintiff's continued failure to adhere to the local and federal rules of civil procedure." ECF No. 107 at 3.

4

For these reasons, the court finds the document filed at ECF No. 98 was written and intended as a sur reply to Defendant's reply in support of its motion for summary judgment, and not as objections. Although it was filed July 23, 2025, when objections were due, neither the title nor the contents relate to the Report. If only the title was incorrect or a typo, but the content contained references and substantive arguments regarding the findings of the Report, the court could accept the filing as objections. However, the content makes clear the document is not a response to the Report, but is an untimely filed sur reply. Plaintiff did not seek, and was not granted, permission to file a sur reply, and it was submitted to the court after the Report was filed. Accordingly, Defendant's motion to strike sur reply (ECF No. 101) is granted.[2]

Nor does Plaintiff's filing qualify as objections to the Report. The court is unable to discern what portions of the Report, if any, to which Plaintiff objects. Section 636(b)(1)(C) provides a judge of the district court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the Report. *Joy v. MERSCORP, Inc.*, 935 F. Supp. 2d 848, 856 (E.D.N.C. 2013) (citing *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983)). Here, Plaintiff has not filed specific objections to the Report. Instead, her filing responds to Defendant's reply to the summary judgment motion. Plaintiff points to no portion of the Report she thinks is incorrect or to which she objects on a legal

---

[2] The court will not, however, grant sanctions beyond striking the filing.

5

or factual basis. Accordingly, the court finds she has failed to take exception to any "specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). Therefore, the court will review the Report for clear error.

### b. *Analysis of the Report*

The Magistrate Judge recommends granting summary judgment on all claims. ECF No. 95. Plaintiff's sur reply has been stricken from the record, and will not be considered as objections, based on the analysis above.[3] Accordingly, there are no specific objections to the Report. After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendation the motion should be granted and this matter dismissed. The court adopts the Report by reference in this Order.

### c. *Audio Recording*

As for the audio recording submitted by Plaintiff at ECF Nos. 104 and 105, the court agrees this recording should be excluded from the record and stricken. Plaintiff asserts she "assumed" Defendant had this recording in their records because all calls are recorded. ECF No. 109 at 7. In addition, she submits the recording is authentic and her statement to that effect "should be taken as truthful under rule 56." *Id.* She intends to utilize the recording to dispute the testimony of her former supervisor, Jenny Sim. *Id.*

---

[3] The audio recording filed at ECF No. 104 along with a short, written statement, is not considered to be an objection to the Report. The written filing provides the audio recording is of the July 2023 interview in which Plaintiff was considered for a night shift team lead position. It does not mention the Report or any specific part, factual or legal, to which Plaintiff intends it to be an objection.

6

However, the court finds this recording is untimely and must be stricken. It was not produced in discovery and was not attached to Plaintiff's response in opposition to summary judgment or to any filing made in the ordinary course. The recording was not submitted until August 5, 2025, after the period for objections had expired, with a one paragraph statement that Plaintiff sent it to the court to prove what took place at her interview in July 2023. The court strikes the recording as unauthenticated, undisclosed during discovery, and untimely for consideration on Defendant's motion for summary judgment and resulting Report. The court will not accept additional evidence, which Plaintiff acknowledges was available to her "right before the last submission at my deposition" taking place April 2, 2025, at this late juncture. Plaintiff had the audio recording available to her prior to the close of discovery, Defendant's filing of the motion for summary judgment, her response to that motion, and the filing of the Report, yet did not disclose or refer to it at any of these points. Her "assumption" that Defendant had the recording, even if valid, does not excuse her from producing it in discovery or attaching it to her response to summary judgment, if needed to support her position. She failed to do any of those things. Accordingly, Defendant's motion to strike (ECF No. 108) is granted, and the audio recording is stricken from the record.

### 3. Conclusion

For the reasons above, the court adopts the Report and grants Defendant's motion for summary judgment (ECF No. 83). Defendant's motion to strike sur reply (ECF No. 101) is granted, and Plaintiff's motion to correct docket filing (ECF No. 102) is denied. Defendant's motion to

strike audio recording (ECF No. 108) is also granted. The court will not assess sanctions other than the striking of the sur reply and audio recording. This case is dismissed with prejudice.

    **IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
October 7, 2025